IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RONNIE LOCKHART, | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PVH CORP. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Ronnie Lockhart ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant PVH CORP ("Defendant") pursuant to the Family Medical Leave Act ("FMLA") and for discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), and shows the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092

6.

Plaintiff was issued a right to sue letter from the EEOC on July 5, 2022. Therefore, Plaintiff has timely filed this complaint.

# FACTUAL ALLEGATIONS

7.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

8.

Plaintiff became employed at Defendant on or around September 30, 2019, as an Inventory Specialist.

9.

In or around June 2021, Plaintiff applied and was approved for intermittent FMLA leave.

10.

In October 2021, Plaintiff was confronted by his manager while on the floor working. His manager told him that he needed to submit additional documentation for his FMLA leave.

11.

Plaintiff immediately went to his wife's medical doctor to attain the additional medical documentation requested by Defendant, and provided the requested documentation in or around November 2021.

12.

Plaintiff then received a notice by Human Resources regarding the documentation he had submitted to support the FMLA leave. More specifically, Defendant stated there to be an issue with the dates presented on one of the forms.

13.

Plaintiff informed Defendant that he was unaware of the basis of these discrepancies and inquired as what he needed to do in order to remedy the issue.

14.

In an effort to fix the problem, Plaintiff then went back to his wife's doctor requesting that her doctor look into the issue. Plaintiff went back and forth between his wife's doctor and Human Resources numerous times in a good faith effort to fix the problem.

15.

In December 2021, the same day Plaintiff inquired about the status of his FMLA leave, Defendant informed Plaintiff that he was "suspended pending termination" for allegedly submitting "fraudulent information regarding his FMLA leave request."

16.

Plaintiff attempted to get to the bottom of the issues on numerous occasions through email with Human Resources Manager, Mike Mill, and Tamesha Allen, but was unsuccessful.

17.

Plaintiff never received a true explanation for the basis behind Defendant's allegations of "fraudulent activity" regarding his FMLA leave documents.

18.

In late December 2021, Defendant notified Mr. Lockhart that he had been terminated.

19.

On December 29, 2021, Mike Mill, stated that the reason for Mr. Lockhart's termination was "misconduct" but refused to go into any more detail regarding this allegation.

20.

On February 21, 2022, Plaintiff's wife's physician provided a letter to Defendant denouncing Defendant's accusations that Plaintiff had engaged in any sort of misconduct in updating his FMLA paperwork. However, Defendant ignored

this evidence.

21.

Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and retaliation.

22.

Defendant was on notice that Plaintiff's absences were necessitated by qualifying conditions under the FMLA.

23.

Defendant terminated Plaintiff because of his need for FMLA protected leave and/or due FMLA protected work absences.

24.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of FMLA rights and/or retaliated against Plaintiff for his exercise of FMLA rights.

25.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

26.

Plaintiff worked more than 1250 hours during the 12-month period immediately preceding his FMLA protected absences, requested leave, and

termination. Plaintiff was employed by Defendant for more than 12 months preceding his FMLA protected absences, request for leave and termination.

27.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

### CLAIMS FOR RELIEF
### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### COUNTS I & II
### (FMLA INTERFERENCE AND RETALIATION)

28.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

29.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

30.

Plaintiff was an eligible employee under the FMLA.

31.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, entitling him to all appropriate relief under the statute.

32.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

33.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

34.

Defendant terminated Plaintiff because of his need for intermittent FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

35.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

36.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

37.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

## COUNTS III & IV
## AMERICANS WITH DISABILITIES ACT
## (DISABILITY DISCRIMINATION AND RETALIATION)

38.

Plaintiff repeats and re-alleges paragraphs above as if set forth fully herein.

39.

Defendant is and, at all times relevant, has been an "employer" as defined by the ADA.

40.

Plaintiff was, at all relevant times, an individual with a disability as defined under the ADA.

41.

Plaintiff was, at all relevant times, "qualified" to perform his job with Defendant.

42.

Defendant knew, at all relevant times, that Plaintiff's wife had a disability and a record of a disability as defined by the ADA.

43.

Defendant perceived Plaintiff's wife, at all relevant times, as a person with a disability.

44.

Defendant knew Plaintiff needed an accommodation in regards to limited time off work for treatment related to his wife's disability.

45.

Plaintiff requested a reasonable accommodation to use FMLA leave in which he was eligible for.

46.

Nevertheless, Defendant discriminated against Plaintiff due to his accommodation request, actual or perceived, and record of his wife's disability.

47.

Defendant refused to engage in good faith dialogue to accommodate Plaintiff.

48.

Defendant failed to provide Plaintiff with a reasonable accommodation.

49.

Defendant terminated Plaintiff because of his accommodation request, actual or perceived, and/or record of his wife's disability.

50.

Defendant would not have taken these actions if Plaintiff had requested the reasonable accommodation of intermittent FMLA leave.

51.

Defendant's actions violate the ADA.

52.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, non-monetary damages, and attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted this 23rd day of August, 2022.

> s/ Jeremy Stephens
> Jeremy Stephens, Esq.
> GA Bar No.: 702063
> MORGAN & MORGAN
> 191 Peachtree Street, N.E., Ste. 4200
> Post Office Box 57007
> Atlanta, Georgia 30343-1007
> Tel: (404) 965-1682
> E-mail: jstephens@forthepeople.com
> Attorneys for Ronnie Lockhart